FILED

2019 OCT 31 P 4: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>CHRISTOPHER TOUPS (4),<br>DR. MICHAEL VILLARROEL (6)<br>PAUL CRAIG (7),<br><br>   Defendants. | Case No. 18CR1674-JLS<br><br>I N D I C T M E N T<br>(Superseding)<br><br>Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 287 – Making a False Claim; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Sec. 981(a)(1)(C) and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

1. The United States Department of Defense (DoD) is an agency of the United States.

2. The Traumatic Servicemembers Group Life Insurance (TSGLI) is an insurance funded by servicemembers and the Department of Defense, and administered by the Prudential Insurance Company. It provides short-term financial assistance to severely injured Servicemembers and Veterans to assist them in their recovery from traumatic injuries. If a Servicemember is injured, the TSGLI provides a tax-free, lump-sum payment ranging from $25,000 to $100,000, depending on the severity and type of injury. The losses eligible for payments include loss of sight,

APY:nlv(1):San Diego:10/31/19

hearing, speech, amputations, facial reconstruction, coma, burns, 15-day hospitalizations and loss of "Activities of Daily" living due to traumatic brain injury or other traumatic injuries.

3. Richard Cote (charged elsewhere) was a Chief Petty Officer and an Explosive Ordinance Disposal Chief in the United States Navy stationed in San Diego, California. He is a member of Explosive Ordinance Disposal Expeditionary Support Unit One ("EOD ESU One") in San Diego, California.

4. Kelene Meyer, aka Jacqueline Toups, (charged elsewhere) was an officer in the United States Navy until January 2012. While serving in the Navy, Meyer worked as a nurse.

5. Earnest Thompson (charged elsewhere) was an officer in the United States Navy until January 2015. From March 2, 2011 through January 31, 2015, Thompson was stationed in San Diego, California and assigned to EOD ESU One.

6. CHRISTOPHER TOUPS was a Chief Petty Officer Construction Mechanic in the United States Navy. From September 16, 2010 through September 15, 2014, C. TOUPS was assigned to EOD ESU One in San Diego, California.

7. DR. MICHAEL VILLARROEL is a Commander in the United States Navy. From March 1, 2010 until May 31, 2013, he was the medical officer for the EOD ESU command stationed in San Diego, California.

8. PAUL CRAIG was an officer in the Navy from May 4, 2002 until July 28, 2012. From June 15, 2009 until July 28, 2012, he was a Lieutenant Commander and assigned to EOD ESU One.

## Count 1

### CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. § 1349)

9. Beginning in or about January 2012 and continuing to and including December 2015 in the Southern District of California, and

2

elsewhere, defendants CHRISTOPHER TOUPS, DR. MICHAEL VILLARROEL, PAUL CRAIG, Richard Cote (charged elsewhere), Earnest Thompson (charged elsewhere), and Kelene Meyer (aka Jacqueline Toups, aka Kelene McGrath (charged elsewhere)) knowingly conspired and agreed with each other, and other persons known and unknown to the Grand Jury, to commit wire fraud – that is, having devised with the intent to defraud a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme used and caused to be used interstate wire communications, in violation of Title 18, United States Code, Section 1343.

MANNER AND MEANS

10. It was part of the conspiracy that defendants TOUPS, VILLARROEL, CRAIG, and others, devised a scheme to defraud others in which it was reasonably foreseeable that wire communications would be used to further the scheme, and the object of the conspiracy was to be accomplished, in substance, as follows:

a. Defendants TOUPS, VILLARROEL, and CRAIG and others induced the United States Department of Defense to pay money – through the TSGLI program – based on false and fraudulent claims that the defendants and others suffered severe and catastrophic injuries while serving in the United States Navy;

b. To substantiate their claims, Defendants and others attached materially false, fraudulent, and altered medical records to their TSGLI applications;

c. Under penalty of law, defendants and others signed the TSGLI applications claiming that the application did not contain any

false statements when, in fact, the applications did contain numerous false statements.

## OVERT ACTS

11. In furtherance of the conspiracy and to accomplish its object, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

    a. On or about January 11, 2012, defendant PAUL CRAIG signed and filed a fraudulent TSGLI Application falsely claiming that he had an extended loss of activities of daily living for 113 days resulting from a parachuting accident when, in fact, CRAIG had not had an extended loss of daily living for 113 days. To substantiate his fraudulent claim, CRAIG attached fraudulent medical records. Kelene Meyer, aka Jacqueline Toups, (charged elsewhere) signed and certified the TSGLI application as the medical reviewer knowing that the application was fraudulent.

    b. On or about January 17, 2012, defendant C. TOUPS signed and filed a fraudulent TSGLI Application falsely claiming he suffered catastrophic injury on February 18, 2005 when he purportedly fell during a training exercise. To substantiate his fraudulent claim, C. TOUPS attached fraudulent medical records. Defendant VILLARROEL signed and certified the TSGLI application as the medical reviewer knowing that the application was fraudulent.

    c. On or about May 23, 2012, defendant CRAIG signed and filed a fraudulent TSGLI Application falsely claiming that he was injured on or about January 8, 2012 in an off-road vehicle accident. To substantiate his fraudulent claim, CRAIG attached fraudulent medical records. Defendant VILLARROEL signed and certified the TSGLI application as the medical reviewer knowing that the application was fraudulent.

1        d.    On or about June 6, 2012, Meyer (charged elsewhere) signed and filed a fraudulent TSGLI Application falsely claiming she suffered catastrophic injuries on April 2, 2002, when she purportedly injured her shoulder falling off of a horse. To substantiate her fraudulent claim, Meyer attached fraudulent medical records. Defendant VILLARROEL signed and certified the TSGLI application as the medical reviewer knowing that the application was fraudulent.

         e.    On or about March 19, 2013, Earnest Thompson (charged elsewhere) signed and filed a fraudulent TSGLI Application falsely claiming he suffered catastrophic injuries during May 2002, when he purportedly broke his left leg, left foot, right knee, and right forearm in a motorcycle accident. To substantiate his fraudulent claim, Thompson altered the genuine medical records of C.C., an individual who suffered a motorcycle accident on December 26, 2011, to make it appear that Thompson suffered the injuries claimed in his TSGLI application. Thompson then attached those false and fraudulent medical records to his application. Defendant VILLARROEL signed and certified the TSGLI application as the medical reviewer knowing that the application was fraudulent.

         f.    On or about July 15, 2015 Richard Cote (charged elsewhere) signed and filed a fraudulent TSGLI Application falsely claiming he suffered catastrophic injuries on January 3, 2002, when he purportedly fell from a ladder while taking down Christmas lights. To substantiate his fraudulent claim, Cote altered the genuine medical records of D.B., a United States Navy SEAL who suffered servere and catastrophic injuries on October 4, 2004 when he fell from a helicopter during a training exercise, to make it appear that Cote suffered the injuries claimed in his TSGLI application. Cote then attached those

false and fraudulent medical records to his application. Kelene Meyer signed and certified the TSGLI application as the medical reviewer knowing that the application was fraudulent.

All in violation of Title 18, United States Code, Section 1349.

## Counts 2-4
### WIRE FRAUD (18 U.S.C. § 1343, § 2)

12. Paragraphs 1 through 8, 10 and 11 are realleged and incorporated herein by reference.

13. On or about the dates set forth below, within the Southern District of California, and elsewhere, defendants CHRISTOPHER TOUPS, PAUL CRAIG, and DR. MICHAEL VILLARROEL for the purpose of executing and attempting to execute the above-described scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and cause to be transmitted in interstate commerce, the writings, signs, signals, pictures, and sounds set forth below:

| Count | Date | Sender | Receiver | Communication | Defendants |
|---|---|---|---|---|---|
| 2 | April 9, 2012 | Prudential TSGLI | USAA Federal Savings Bank (Chula Vista, CA) | $100,000 wire | TOUPS VILLARROEL |
| 3 | April 19, 2012 | Prudential TSGLI | USAA Federal Savings Bank (San Diego, CA) | $75,000 wire | CRAIG TOUPS VILLARROEL |
| 4 | June 18, 2012 | Prudential TSGLI | USAA Federal Savings Bank (San Diego, CA) | $100,000 wire | CRAIG TOUPS VILLARROEL |

All in violation of Title 18, United States Code, Sections 1343 and 2.

6

Counts 5-7

Making a False & Fraudulent Claim (18 U.S.C. § 287, § 2)

14. Paragraphs 1 through 8, 10 and 11 are realleged and incorporated herein by reference.

15. On or about the dates listed below, within the Southern District of California, defendants CHRISTOPHER TOUPS, PAUL CRAIG, and DR. MICHAEL VILLARROEL knowingly made and presented, and caused to be made and presented, to the United States Navy, an agency of the Department of the Defense, claims against the United States for payment, that is, that the named applicant suffered an injury that resulted in the loss of activities of daily living as described in the application entitling them to compensation under the TSGLI program, knowing that the claim was false, fictitious or fraudulent:

| Count | Date | Statement | Defendants |
|---|---|---|---|
| 5 | January 17, 2012 | TSGLI Application of Christopher TOUPS | TOUPS VILLARROEL |
| 6 | January 11, 2012 | TSGLI Application of Paul CRAIG | CRAIG TOUPS VILLARROEL |
| 7 | May 23, 2012 | TSGLI Application of Paul CRAIG | CRAIG TOUPS VILLARROEL |

All in violation of Title 18, United States Code, Sections 287 and 2.

FORFEITURE ALLEGATION

16. The factual allegations contained in paragraphs 1 through 11 are realleged and incorporated herein by reference for the purpose of alleging forfeiture.

17. Upon conviction of one or more of the offenses alleged in Counts 1 through 4 of this Superseding Indictment and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), defendants CHRISTOPHER TOUPS, PAUL CRAIG, and DR. MICHAEL VILLARROEL, shall forfeit to the United States any and all property, real and personal, which constitutes or is derived from proceeds traceable to the violations.

    18. If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or

    d. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any property of the defendants up to the value of the said property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

DATED: October 31, 2019.

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.
United States Attorney

By: _____
ANDREW P. YOUNG
Assistant U.S. Attorney