# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     v.

CHRISTOPHER TOUPS (4),
DR. MICHAEL VILLARROEL (6),
DAVID HAWLEY (8),
JAMES DEREK BROWN (9),

     Defendants.

Case No. 18CR1674-JLS

ORDER EXCLUDING TIME UNDER
THE SPEEDY TRIAL ACT

The Court finds as follows:

1.    The parties appeared for a status conference on Friday, November 13, 2020. At that time, the defendants requested additional time to prepare the case for pretrial proceedings and trial. The parties requested, and the Court agreed, to continue the substantive motions hearing initially set for January 22, 2021, to March 24, 2021. In addition, the Court set a briefing schedule for motions and responses to be filed.

2.    On March 17, 2020, due to the COVID-19 pandemic, Chief Judge Larry A. Burns declared a judicial emergency in the Southern District of California, which has been continued by subsequent Orders until at least November 16, 2020. OCJ 18, 47.

3.    Amid the pandemic and the judicial emergency, on May 29, 2020, the grand jury returned a second superseding indictment charging defendants Toups and Villarroel, along with David Hawley and James Derek Brown. The defendants were arraigned on June 18, 2020, and counsel representing Hawley and Brown made their first appearances in this case.

4.    The charges in this case reflect a complex insurance fraud scheme, involving a long-running conspiracy of a dozen or more participants, events and witnesses spanning multiple jurisdictions, and losses to the United States of over $2 million. The United States

has produced voluminous discovery, which counsel needs time to review and evaluate. Based on these considerations, it would be unreasonable to expect adequate preparation for pretrial proceedings and trial to be completed within the otherwise applicable time limits.

5.      As a result of the complexity of the case and the time needed to review and make effective use of the discovery, the defense requires additional time to evaluate which, if any, issues of fact or law to pursue and how to defend the case.  The case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits otherwise prescribed by the Speedy Trial Act.

6.      Given the grave public-health concerns discussed in Order of the Chief Judge Nos. 18, 47, and others, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendants in a speedy trial.

7.      Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

8.      Failure to continue the case would also likely put counsel, parties, witnesses, and Court personnel at unnecessary risk.

9.      Due to the complexity of the case, the requirements of pre-trial preparation, and in light of the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel, including those newly appearing in the matter, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.      After consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court therefore finds that the time from January 22, 2021 until March 24, 2021 shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), on the grounds that the ends of justice served by such a continuance of the motions hearing outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, good cause having been shown, and pursuant to 18 U.S.C. § 3161(h)(7), it is hereby ORDERED that the time from January 22, 2021 to March 24, 2021 is excluded from Speedy Trial Act calculations.

Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

IT IS SO ORDERED.

Dated:  November 16, 2020

Hon. Janis L. Sammartino
United States District Judge

3