# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18CR1674-JLS |
| v. | |
| CHRISTOPHER TOUPS (4), <br> DR. MICHAEL VILLARROEL (6), | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| Defendants. | |

The Court finds as follows:

1. The parties appeared for a status hearing on October 22, 2021. Doc. 415. During the hearing, the parties requested that the Court set a trial date. The Court agreed and set the matter for jury trial on July 25, 2022. The Court also set a status hearing regarding scheduling a substantive motion hearing and motions in limine hearing on January 14, 2022. The Court excluded time between October 22, 2021 and January 14, 2022.

2. The charges in this case reflect a complex insurance fraud scheme, involving a long-running conspiracy of a dozen or more participants, events and witnesses spanning multiple jurisdictions, and losses to the United States of over $2 million. The United States has produced voluminous discovery, which counsel needs additional time to review and evaluate. Based on these considerations, it would be unreasonable to expect adequate preparation for trial to be completed within the otherwise applicable time limits.

3. As a result of the complexity of the case and the time needed to review and make effective use of the discovery, the defendants requires additional time to evaluate which, if any, issues of fact or law to pursue and how to defend the case. The case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits otherwise prescribed by the Speedy Trial Act.

4. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

5. Due to the complexity of the case and the requirements of pre-trial preparation, it is also unreasonable to expect adequate preparation for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. After consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court therefore finds that the time from October 22, 2021 until January 14, 2022 shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), on the grounds that the ends of justice served outweigh the best interest of the public and the defendants in a speedy trial.

WHEREFORE, good cause having been shown, and pursuant to 18 U.S.C. § 3161(h)(7), it is hereby ORDERED that the time from October 22, 2021 to January 14, 2022 is excluded from Speedy Trial Act calculations.

Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

IT IS SO ORDERED.

Dated: October 27, 2021

Hon. Janis L. Sammartino
United States District Judge

2